967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald DAY, Plaintiff-Appellant,
v.
WEST COAST FRUIT and Produce Co.; Warehousemen Union, Local
599, an unincorporated union, Defendants-Appellees.
 No. 91-35058.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided June 4, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Day appeals from a summary judgment order in favor of the Union. Because he has not produced evidence sufficient to permit a rational trier of fact to find that the Union treated him in an arbitrary, discriminatory or bad faith manner, we affirm the judgment.
 
 
 3
 Day was discharged for fighting on company premises, a direct violation of the collective bargaining agreement that governed his employment. He disputed that the incident amounted to fighting, but the Union refused to process his grievance. He alleges the Union breached its duty of fair representation.
 
 
 4
 A union breaches the duty of fair representation when its conduct toward a member is "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1966). "Because the union must balance many collective and individual interests when it decides how to pursue a grievance, courts should accord substantial deference to the union's decisions." Johnson v. United States Postal Service, 756 F.2d 1461, 1466 (9th Cir.1985).
 
 I. Arbitrary Conduct
 
 5
 Day alleges that the Union's investigation and evaluation of his grievance were arbitrary. A union's conduct is considered arbitrary only when that conduct involves a union's failure to perform a procedural or ministerial act. Peters v. Burlington Northern R. Co., 914 F.2d 1294, 1299 (9th Cir.1990), reh'g denied, 931 F.2d 534 (1991); see also Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir.1988). "We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986).
 
 
 6
 We conclude that, even if all of Day's evidence is accepted as true, there was insufficient evidence to permit a rational trier of fact to find that the Union failed to exercise its judgment in evaluating the facts presented by Day, Reed, and their witnesses at the investigatory meeting. Its decision that Day violated the collective bargaining agreement and its refusal to process his grievance were not arbitrary.
 
 
 7
 Day's allegation that the Union's investigation was arbitrary also lacks merit. Because of the broad discretion afforded unions in handling grievances, Peterson v. Kennedy, 771 F.2d at 1254, a union's investigation is arbitrary only when the evidence shows an arbitrary procedural error. See Banks v. Bethlehem Steel Corp., 870 F.2d 1438 (9th Cir.1989) (union's refusal to question Banks' witnesses was sufficient evidence to withstand summary judgment); Tenorio v. N.L.R.B., 680 F.2d 598 (9th Cir.1982) (union's departure from standard procedure of questioning discharged employees before evaluating their grievances was arbitrary procedural error).
 
 
 8
 Although the Union's investigation of Day's discharge was minimal, it was not arbitrary because the investigatory meeting gave Day and witnesses to the incident an opportunity to present their version of the incident. Day has not shown that further investigation would have revealed any exculpatory facts.[1]
 
 II. Discriminatory Conduct
 
 9
 Day has not provided evidence that the Union treated him any differently than it has treated other employees discharged for fighting on company premises. He alleges that numerous other fights have occurred on the premises and the employees involved were not discharged, but this merely suggests that West Coast Fruit may have treated him differently, not the Union.
 
 III. Bad Faith Conduct
 
 10
 For the reasons given in the district court's thoughtful and well-reasoned order, we conclude that Day failed to present sufficient evidence of bad faith.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although he asserts that the meeting was not a sufficient basis on which to assess the merits of his grievance because he had misrepresented and exaggerated the facts, witnesses at the meeting corroborated his story, and none testified to the contrary